UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VINCENT CONDENI, *et al.*,

        Plaintiffs,                              Case No. 3:15-cv-404

vs.

GERALD BOUCHARD, *et al.*,             District Judge Thomas M. Rose
                                              Magistrate Judge Michael J. Newman

        Defendants.

---

# REPORT AND RECOMMENDATION[1] THAT PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 40) BE GRANTED CONCERNING DEFENDANT GERALD BOUCHARD'S NEGLIGENCE *PER SE*, BUT DENIED WITH REGARD TO THE ISSUE OF LIABILITY

---

This civil case is before the Court on Plaintiffs' motion for partial summary judgment. Doc. 40. Defendants filed a memorandum in opposition to Plaintiffs' motion. Doc. 46. Thereafter, Plaintiffs filed a reply memorandum. Doc. 47. The Court has carefully reviewed all of the foregoing, including attachments thereto, and Plaintiffs' motion is now ripe for decision.

## I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id.* (citation omitted).  In fact, Rule 56 states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c).  Where "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

In briefing the issues presented in their motion for summary judgment, Plaintiffs present excerpts from the depositions of Vincent Condeni and Gerald Bouchard.  *See* doc. 40-1.  In opposing summary judgment, Defendants do not present any Rule 56 evidence and do not contest the facts as presented in support of Plaintiffs' motion.  Doc. 46.  The Court therefore finds the following facts undisputed.

This civil case -- which is before the Court on the basis of diversity jurisdiction -- arises out of an automobile accident that occurred at approximately 10:30 a.m. on January 26, 2014 on northbound Interstate 75 ("I-75") near Interstate 70 ("I-70") outside of Dayton, Ohio. *See* doc. 40-1 at PageID 393-98, 400, 408. The accident occurred when a tractor-trailer driven by Defendant Gerald Bouchard rear-ended a vehicle operated by Plaintiff Vincent Condeni, and in which his wife, Sheri, was a passenger.[2] Doc. 40-1 at PageID 398. At the time of the accident, Bouchard was acting in the course and scope of his employment with Defendant Challenger Motor Freight ("Challenger"). *See* doc. 11 at PageID 49.[3]

According to Vincent Condeni, at the time of the accident, it was snowing and the roadways were partially covered with snow. Doc. 40-1 at PageID 395-96. Traffic was generally moving slowly and he was driving approximately 50 miles per hour in the right-hand lane. *Id.* at PageID 396-97. After driving in the right lane for several miles, Condeni saw Bouchard's tractor-trailer approaching his vehicle from behind "at an extremely high rate of speed." *Id.* According to Condeni, Bouchard "made no attempt to stop" and eventually "smashed into" the rear of his vehicle. *Id.*

Bouchard testified that the road conditions were "relatively clear . . . for the most part" and that visibility was good on the day of the accident. *Id.* at PageID 400-02. In fact, Bouchard testified that, immediately before the accident, he could see approximately a half mile in front of his tractor-trailer, which was traveling at 62 miles per hour. *Id.* at PageID 400-01. Despite such

---

[2] Plaintiffs Tamara and Patrick McMonigle were also passengers in the Condeni vehicle. Doc. 40-1 at PageID 392. The McMonigles, who were also originally named Plaintiffs in this case have purportedly settled their claims against Defendants. Doc. 34 at PageID 292.

[3] In opposing Plaintiffs' motion for summary judgment, Defendants contend that "Plaintiffs provide . . . no evidence regarding Mr. Bouchard's employment status with Challenger." Doc. 46 at PageID 420 n.1. Defendants, however, admitted in their answer that "Bouchard was acting in the course and scope of his employment with Challenger Motor Freight at the time of the events giving rise to suit[.]" Doc. 11 at PageID 49. Accordingly, the Court may now, on summary judgment, consider that admission as an undisputed fact. *See* Fed. R. Civ. P. 56(c)(1)(A).

clear visibility, Bouchard never saw Condeni's vehicle until a "millisecond" before he collided squarely with the back of it.  *Id.* at PageID 402-03, 409.  Bouchard presents no evidence that the Condeni vehicle ever switched lanes or otherwise suddenly and unexpectedly entered into his path of travel.  *Id.* at PageID 402-03, 409.  Simply put, the undisputed facts presented demonstrate that Bouchard simply drove "square in the back" of the slower moving Condeni vehicle.  *Id.* at PageID 406-077.

On November 5, 2015, Vincent and Sheri Condeni filed this action against Defendants Bouchard and Challenger asserting the following claims: (1) negligence on the part of Bouchard for his alleged failure to maintain an assured clear distance; (2) vicarious liability on the part of Challenger Motor Freight, Inc. arising from Bouchard's negligence in the course and scope of his employment; (3) independent claims of negligent hiring, training, supervising, retaining and entrustment against Challenger; (4) claims for statutory violations against Challenger; and (5) loss of consortium.  Plaintiffs seek punitive damages against both Defendants.

### III.

In their motion, Plaintiffs purport to seek summary judgment on the issue of liability but, in substance, argue only that Bouchard was negligent *per se* for rear-ending their vehicle by violating the assured clear distance requirement set forth in Ohio Rev. Code § 4511.21.  In opposition, Defendants argue that, while Plaintiffs may sufficiently demonstrate an absence of disputed facts concerning Bouchard's breach of a duty owed to Plaintiffs, they have not met their burden of showing they are entitled to summary judgment regarding *liability*, because proximate cause and damages remain pending before the Court.  Doc. 46 at PageID 420-22.

Under Ohio law,[4] "[i]n order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's Sch.*, 697 N.E.2d 198, 200 (Ohio 1998). In Ohio, a driver possesses a duty to not "drive any motor vehicle . . . in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A). A driver breaches his or her duty of care as set forth in Ohio Rev. Code § 4511.21(A) where he or she collides "with an object which (1) was ahead of [the driver] in [his or her] path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernable." *Kamerer v. Bradcovich*, No. 2:13-CV-1192, 2016 WL 4154894, at *4 (S.D. Ohio Aug. 2, 2016) (citation omitted).

Here, Plaintiffs have presented evidence establishing only that: (1) their vehicle was ahead of Bouchard's tractor-trailer and in Bouchard's path of travel; (2) both vehicles were moving in the same direction, *i.e.*, northbound on I-75; (3) the Condeni vehicle did not suddenly appear in Bouchard's path of travel, *i.e.*, Condeni did not suddenly merge into Bouchard's lane; and (4) Bouchard had good, clear visibility in front of his tractor-trailer for about one-half mile and, thus, the Condeni vehicle was readily discernable. *See* doc. 40-1 at PageID 398, 400-03. Defendants present no Rule 56 evidence to contradict any of the foregoing and, therefore, these

---

[4] In cases in which this Court exercises jurisdiction on the basis of diversity, Ohio choice of law rules govern. *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 788 n.6 (S.D. Ohio 2003) (stating that "[s]ince this Court sits in Ohio, the Court must apply Ohio choice of law rules") (citing *Mill's Pride, Inc. v. Continental Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002)). Pursuant to Ohio law, "courts will apply the rule of *lex loci delecti*, the law of the place where the tort occurs, unless another state has a more significant relationship to the action." *Id.* (citing *Muncie Power Products, Inc. v. United Tech. Automotive, Inc.*, 328 F.3d 870, 873 (6th Cir.2003)). Here, both parties cite Ohio law to support their arguments and, therefore, the Court applies Ohio law to the dispute presented in Plaintiffs' motion for summary judgment.

facts are undisputed. *See* Fed. R. Civ. P. 56(e)(2) (stating that where "a party fails . . . to properly address another party's assertion of fact  . . . the court may  . . .  consider the fact undisputed for purposes of the motion").  In light of these undisputed facts, the undersigned finds that Bouchard violated Ohio Rev. Code 4511.21(A), and Plaintiffs' motion should be **GRANTED** in this regard.

"A violation of Ohio Revised Code § 4511.21 constitutes *negligence per se*." *Id*. (citing *Tomlinson v. City of Cincinnati*, 446 N.E.2d 454, 456 (Ohio 1983)).  "Application of negligence *per se* in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff."  *Chambers*, 697 N.E.2d at 201.  As argued by Defendants in this case, negligence *per se* does not equate to "a finding of liability *per se* because the plaintiff will also have to prove proximate cause and damages."  *Id*. (citing *Pond v. Leslein*, 647 N.E.2d 477, 479 (Ohio 1995); *see also Leizerman v. Kanous*, 910 N.E.2d 26, 29 (Ohio 2009) (holding that "[a] finding of negligence per se does not automatically constitute liability *per se*"); *Price v. Taasaas*, Nos. 84-3317, 84-3426, 1985 WL 13694, at *3 (6th Cir. Sept. 13, 1985) (stating that, "[e]ven though the law may presume negligence from a person's violation of a statute, the law does not, from that presumption alone, presume that such negligence was the proximate cause of the injury").  Because Plaintiffs present no evidence regarding causation or damages in support of their motion -- and make no specific argument concerning these elements -- their motion should be **DENIED** to the extent they seek summary judgment with regard to *liability*.[5]  *Accord Chambers*, 697 N.E.2d at 565-66.

---

[5] The Court notes that this conclusion also applies to Plaintiffs' claims of vicarious liability against Challenger.  "A principal is vicariously liable for the acts of his agent only when the agent is directly liable." *Taddeo v. Bodanza*,  No. 100704, 2014 WL 4244340, at *4 (Ohio Ct. App. Aug. 28, 2014).  Because issues of fact remain concerning causation and, thus, Bouchard's liability, issues of fact remain concerning Challenger's vicarious liability to Plaintiffs.

**IV.**

Based upon all of the foregoing, the undersigned **RECOMMENDS** that Plaintiffs' motion for summary judgment be **GRANTED** insofar as they seek judgment with regard to Plaintiff's negligence *per se* (*i.e.*, Bouchard's breach of duty) for violating Ohio Rev. Code § 4511.21, but **DENIED** insofar as they seek summary judgment concerning liability.


Date:   January 4, 2017                                    s/ Michael J. Newman
                                                                        Michael J. Newman
                                                                        United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).